# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1895

In re: SAMSUNG ELECTRONICS AMERICA INC.

JOSHUA FRITZ, TODD BINGHAM, FRANK APPLEGATE, BRIAN HEINZ,
RAFFI KELECHIAN, et al.,
Appellants

---

On Appeal from the U.S. District Court, D.N.J.
Judge Christine P. O'Hearn, No. 1:23-md-03055

Before: CHAGARES, *Chief Judge*; RESTREPO, AND MONTGOMERY-REEVES, *Circuit Judges*
Submitted: June 9, 2026; Filed: Aug. 31, 2026

---

NONPRECEDENTIAL OPINION[*]

MONTGOMERY-REEVES, *Circuit Judge*.

Individual consumers from various states (the "Consumers") claim a data breach affecting Samsung Electronics America Inc. ("Samsung") injured them. The District Court properly dismissed the Consumers' claims for lack of standing and properly denied their request for leave to amend. But because the dismissal was for lack of standing, we will modify the order to make it a dismissal without prejudice, and we will affirm the order as modified.

## I. BACKGROUND

In July 2022, hackers exfiltrated customer data from Samsung (the "Data Breach").

---

[*]This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

Joint Appendix (hereinafter "App. __") 621. After Samsung publicly disclosed the Data Breach, the Consumers brought this putative class action, alleging various tort and contract-related claims.

The District Court ordered the parties to begin discovery by exchanging fact sheets (the "Fact Sheets"). Thereafter, the Consumers filed four more complaints. The operative complaint (the "Complaint") was filed after a full round of dismissal briefing, the parties' exchange of the Fact Sheets, numerous status conferences, and the District Court's identification of standing deficiencies.

According to the Complaint, the Data Breach was potentially executed by a known hacker group who stole "one or more of the following": (1) "full names" and birth dates; (2) "Samsung account data and . . . credentials"; (3) "personal identifiers and contact information such as email addresses, postal addresses, telephone numbers, IP addresses, country code, and region"; (4) "demographic data"; (5) "product registration information," including "IMEI (International Mobile Equipment Identity)"; and (6) "financial information, such as method of payment." App. 617–18. The stolen information did not include: (1) "social security numbers"; (2) "credit or debit card information"; (3) medical information; (4) "any other unique identification number issued on a government document commonly used to verify . . . identity"; (5) any "number or information that can be used to access a person's financial resources"; (6) account passwords; (7) "[b]iometric [d]ata"; or (8) "[g]eolocation [d]ata." App. 804–05, 811, 813–17.

In relevant part, Samsung moved to dismiss the Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that the Consumers

lacked standing. Samsung then produced records from an investigation of the Data Breach. The parties notified the District Court of the production, but the Consumers did not request leave to amend. The District Court later dismissed the Consumers' claims, holding that the Consumers lacked standing because they failed to allege imminent injuries that are fairly traceable to the Data Breach. The Consumers then moved for reconsideration and sought leave to amend, which the District Court denied. The Consumers timely appealed.

## II. Analysis

To resolve this appeal, we must address whether the District Court erred in dismissing the Consumers' claims for lack of standing, denying their request for leave to amend, and dismissing their claims with prejudice. We address each argument in turn.

### A. Standing

The District Court correctly dismissed the Consumers' claims for lack of standing. Article III of the Constitution limits the federal judicial power to the resolution of "Cases and Controversies," requiring plaintiffs show "a personal stake in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation modified). To have standing, a plaintiff must plausibly allege (1) that he or she "suffered an injury in fact that is concrete, particularized, and actual or imminent"; (2) "that the injury was likely caused by the defendant," i.e. traceability; and (3) "that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Here, the Consumers lack standing because their claims rely on a future risk of identity theft or fraud that is not sufficiently imminent. To be "actual or imminent," an injury must not be "conjectural" or "hypothetical." *Susan B. Anthony List v. Driehaus*, 573

U.S. 149, 158 (2014) (quoting *Lujan*, 504 U.S. at 560). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Lujan*, 504 U.S. at 565 n.2). So allegations "of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk[[1]] that the harm will occur." *Driehaus*, 573 U.S. at 158 (citation modified). On the other hand, "[a]llegations of *possible* future injury"—even with an "objectively reasonable likelihood" of occurring—are not sufficient. *Clapper*, 568 U.S. at 409–10 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

We have delineated certain non-exhaustive factors relevant to determining if a data-breach injury is imminent, including whether the breach was intentional, whether there was misuse, and whether the nature of the accessed information could lead to a risk of identity theft. *See Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 153–54 (3d Cir. 2022) ("These non-exhaustive factors can serve as useful guideposts, with no single factor being dispositive to our inquiry."). A quick review of the leading case contextualizes these factors. In *Clemens*, a known hacker group acquired sensitive information in a data breach. 48 F.4th at 156–57. The Court applied these factors and held imminence was adequately alleged. *Id.* Specifically, the Court held that the hacker group stole "the type of data that could be

[1] A substantial risk means a "realistic danger of sustaining a direct injury." *Pennell v. City of San Jose*, 485 U.S. 1, 8 (1988) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

used to perpetrate identity theft or fraud," which included "social security numbers, dates of birth, full names, home addresses, taxpayer identification numbers, banking information, credit card numbers, driver's license numbers, sensitive tax forms, and passport numbers." *Id.* at 157; *see also id.* at 154 (explaining that "disclosure of social security numbers, birth dates, *and* names is more likely to create a risk of identity theft or fraud," but "the disclosure of financial information alone, without corresponding personal information, is insufficient" (emphasis added)). And it held that the hacker group "intentionally gained access to and misused the data" where "it launched a sophisticated phishing attack to install malware, encrypted the data, held it for ransom, and published it." *Id.* (emphasis omitted).

This case is not *Clemens*. Although a hacker group stole certain information, the Complaint does not allege that the information was sold, published, or used in any way. And nothing in the Complaint suggests misuse of the stolen information is possible because the information is not the type "that could be used to perpetrate identity theft or fraud." *Id.* Unlike the information at issue in *Clemens*, the stolen information here did not include "social security numbers, . . . tax identification numbers, banking information, credit card numbers, driver's license numbers, sensitive tax forms, and passport numbers." *Id.* In fact, only one named Consumer alleged that their date of birth and name were stolen, and for each of the 41 named Consumers, even the "combination" of the stolen information cannot be used to perpetrate identity theft or fraud. *Clemens*, 48 F.4th at 158. Instead, to describe the Consumers' alleged injuries, we have to start with "if," not "when," statements. *Reilly v. Ceridian Corp.*, 664 F.3d 38, 43 (3d Cir. 2011) (explaining alleged injuries were not

sufficiently imminent where they required "beginning . . . with the word 'if'"). And without particularized allegations that the Consumers face an imminent risk of identity theft or fraud, the Consumers cannot plausibly allege that they suffered from a decrease in their information's value, the lost value of the privacy and confidentiality of the information, decreased credit scores, or mitigation-related efforts and costs. *See Clapper*, 568 U.S. at 402 (explaining that plaintiffs "cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending"). So the District Court correctly concluded that the Consumers lack standing because they failed to allege a "'substantial risk' that the harm will occur." *Driehaus,* 573 U.S. at 158 (quoting *Clapper*, 568 U.S. at 414 n.5).[2]

**B. Leave to Amend**

The District Court correctly denied the Consumers' request for leave to amend, which appeared in their motion for reconsideration. On a motion for reconsideration, a district court may alter or amend the judgment if the movant shows "the availability of new evidence that was not available when the court" entered judgment. *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). In this context, "new evidence . . . means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* at 252. The Consumers point to Samsung's

[2] Because there are no allegations plausibly alleging harm without reliance on a speculative chain of hypotheticals, the Consumers also fail to show traceability. *See Clapper*, 568 U.S. at 414 ("[A] speculative chain of possibilities does not establish that injury based on potential future [acts] is certainly impending or fairly traceable . . . .").

production of records at least three months before the dismissal order issued. But the Consumers did not seek leave to amend despite the District Court's request that the parties notify it if the production affected the pending dismissal motion.

Even if the Consumers had properly sought to amend, the District Court's denial of that request would not have been an abuse of discretion. District courts may deny leave to amend when amendment would be futile. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). Here, the Consumers already had five bites at the pleading apple. And the District Court spelled out precisely these pleading deficiencies during the status conferences that preceded the Consumers' third and fourth amendments. Moreover, the Consumers "failed to identify any specific information . . . that would alter any part of the Court's standing analysis." App. 42. So the District Court did not abuse its discretion in denying leave to amend.

**C. Dismissal With Prejudice**

The District Court erred in dismissing the Consumers' claims with prejudice. "The absence of standing leaves the court without subject-matter jurisdiction to reach a decision on the merits, [so] dismissals with prejudice for lack of standing are generally improper." *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 148 (3d Cir. 2024) (citation modified). Because "that general rule applies here," we will modify the District Court's order to dismiss their claims without prejudice and affirm that order as modified. *Id.*

* * * * *

The District Court properly concluded that the Consumers do not have standing because they failed to allege sufficiently imminent injuries for each of their claims. And it properly rejected the Consumers' late request for leave to amend because no new evidence supported that request. But it should have dismissed the Consumers' claims without prejudice because it lacked subject-matter jurisdiction to say otherwise. For these reasons, we will MODIFY the District Court's order to a dismissal without prejudice and AFFIRM the District Court's orders as to the motions to dismiss and for reconsideration.